# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff,**<br><br>          v.<br><br>**ALEXIS RUIZ-MORALES,**<br><br>    **Defendant.** | **CRIM. NO. 14-152 (PAD)** |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Before the court is defendant's "Motion Requesting Revocation or Amendment of Detention Order" (Docket No. 63). The USPO and the government opposed (Docket Nos. 65 and 66, respectively). Defendant replied (Docket No. 69). For the reasons that follow, the motion is DENIED.

## I.    BACKGROUND

On August 11, 2014, a sister court in this district sentenced defendant to a total imprisonment term of 70 months, followed by 5 years of supervised release for violating 18 U.S.C. 924(c)(1)(A) and 21 U.S.C. 841(a)(1)(D) (Docket No. 23).[1] On January 27, 2020, the supervising U.S. Probation Officer ("USPO") requested modification of the conditions of supervised release to add an electronic monitoring device for a period of 6 months, on account of a domestic violence complaint that defendant's consensual partner filed against him in State Court (Docket No. 36).

---

[1] That is, 60 months as to the Section 924(c) violation and 10 months for the Section 841(a)(2)(D) violation, to be served consecutively to each other for a total of 70 months (Docket No. 23). Subsequently, the sentence was reduced to 67 months under Amendment 782 (Docket No. 32).

The State Court closed the case when the complainant withdrew the matter. However, defendant agreed to receive domestic violence counseling. Id.

On January 29, 2020, the Clerk reassigned the case to the undersigned (Docket No. 37). Because defendant had not signed the waiver originally submitted with the request for modification of supervised release, that same day the U.S. Probation Officer filed an "Amended Motion Requesting Modification of Supervised Release Conditions," with the waiver properly signed (Docket No. 38). Thus, on January 30, 2020, the court granted the amended request (Docket No. 40).

On February 11, 2020, the USPO filed a second "Motion Notifying Supervised Release Violations, Requesting an Arrest Warrant and Order to Show Cause Hearing" (Docket No. 41). The motion reported that the Puerto Rico Police arrested defendant after his consensual partner filed a new complaint for domestic violence against him. Id. According to the complaint, defendant threatened to kill the complainant by telephone voice message using obscene language. The motion requested that an arrest warrant be issued, and that defendant be ordered to show cause as to why his supervision term should not be revoked. Id. The court issued the arrest warrant, ordered that defendant be brought before the Magistrate Judge on duty, and appointed the Federal Public Defender as defendant's counsel (Docket No. 42).

On February 21, 2020, defendant was brought before then U.S. Magistrate Judge Silvia Carreño-Coll for Initial Appearance. He was placed under custody pending further proceedings (Docket No. 44). An Order of Detention followed, with the finding that if defendant were released, he "may flee or pose a danger to another person or the community" (Docket No. 45). The Magistrate Judge set the preliminary revocation hearing for March 3, 2020 at 10:30 a.m. (Docket

No. 44). The hearing was reset for March 11, 2020, and held as scheduled before U.S. Magistrate Judge Bruce J. McGiverin.

At the Preliminary Revocation Hearing, the Magistrate Judge heard the testimony of the supervising USPO, admitted certain exhibits, found probable cause with regard to the allegations in the USPO's motion, and referred the matter to the undersigned for final revocation hearing (Docket No. 61). In addition, the government requested detention pending final revocation hearing, defendant asked to be released, and the Magistrate Judge ordered that defendant be detained (Docket No. 61). An Order of Detention followed (Docket No. 62). Defendant moves for a hearing to revoke or amend the Order of Detention, stating that it does not include written findings of fact and a written statement of the reasons for the detention, in violation of 18 U.S.C. § 3142(i)(1)(Docket No. 63, p. 2).

## II.   DISCUSSION[2]

Pursuant to Fed.R.Crim.P. 46(d), the issue of whether or not to grant the defendant bail pending a hearing on a violation of probation or supervised release is controlled by Rule 32.1(a)(6), which provides that the magistrate judge may release or detain the person facing revocation pending further proceedings under 18 U.S.C. § 3143(a)(1). In turn, Section 3143(a)(1) states that the judicial officer shall order a person who is awaiting imposition or execution of sentence be detained, unless the judicial officer finds by clear and convincing evidence that the person is not

---

[2] In the process of preparing this Memorandum and Order, the court listened to the recording of both the Initial Hearing and the Preliminary Revocation/Detention hearing held before the Magistrate Judges. With limited exceptions and contrary to U.S. District Judges, Magistrate Judges do not have a Court Reporter present during the numerous proceedings held before them. Therefore, unless a transcript is requested following the applicable rules and regulations, no transcript is prepared or available for those proceedings. The content of the hearing, however, is always recorded using a Digital Court Recording "DCR" program. District Judges have immediate access to DCR audio files, and may listen to the audio files when reviewing a determination made by a Magistrate Judge.

likely to flee or pose a danger to the safety of other person or the community if released under Section 3142(b) or (c).

Section 3143 (a)(1) "creates a rebuttable presumption in favor of detention." United States v. Smith, 34 F.Supp.3d 541, 544 (W.D.Pa. 2014).  Thus, when defendant is seeking bail pending a final revocation hearing, he has the burden of establishing that if released, he will not flee or pose a danger to any other person or to the community. See, United States v. Loya, 23 F.3d 1529, 1530-1531 (9th Cir. 1994)(so holding); 3B Charles Alan Wright & Peter J. Henning, *Federal Practice and Procedure*, § 771 (4th ed. 2013) and § 775 (April 2020 Update)(explaining that the burden is on the defendant to show that he will not flee or pose a danger pending a hearing on the revocation of supervised release).³

Defendant failed to meet this burden.  However, he challenges the Order of Detention because the Magistrate Judge did not make written findings of fact or a written statement of the reasons for the detention in violation of 18 U.S.C. § 3142(i)(1).  But he cites no supporting authority.  And, Fed.R.Crim.P. 46(a) states that, "[t]he provisions of 18 U.S.C. §§ 3142 and 3144 govern *pretrial release*" (emphasis added), which is not the case here.  Even so, the record supports the Magistrate Judge's determination.

During the hearing, the government referred the Magistrate Judge's attention to the nature of the alleged underlying violation; the fact that it was not the first time defendant was facing allegations of domestic violence against the same victim; and that detention was needed to ensure

---

³ As Wright & Henning explain, "Rule 46(d) addresses release from custody pending a hearing on a violation of probation or supervised release.  This rule provides that Rule 32.1(a)(6) governs such a hearing.  Rule 32.1(a)(6), in turn, provides that the magistrate judge release or detain the person under 18 U.S.C.A. § 3143(a), the provision addressing release or detention pending sentencing.  That places the burden on the defendant to show that he will not flee or pose a danger pending a hearing on the revocation of probation of supervised release." Id.

United States v. Alexis Ruiz-Morales
Criminal No. 14-152 (PAD)
Memorandum and Order
Page 5

the victim's safety in light of defendant's conduct and threats. Through counsel, defendant denied sending the text and voice messages at issue; pointed out that he lived in Toa Alta while the victim lives in Humacao; said that the alleged violation involves a phone call and not to a "personal confrontation" between defendant and the alleged victim; and stated that defendant had a job. Finally, the supervising USPO, Mr. Rubén Vélez, testified, referring to messages and phone logs.

Mr. Vélez played voice messages in which defendant allegedly asserted, "bitch, your will get your face destroyed," and that the defendant would not care "when she gets murdered;" "You bitch, you swine bitch. I am going to kill you for being a snitch. You are not going to send me to jail you swine. I am going to kill you, you bitch, you swine bitch;" and "You fat bitch, bitch. I am going to kill you, you swine. Snitch. For being a snitch that's why we are going to kill you, bitch. You are just a swine and a bitch, and you are not going to send me to jail. Bitch." Mr. Vélez relayed that the alleged victim fears for her life.

With this backdrop, the Magistrate Judge agreed with the government and ordered defendant detained pending the final revocation hearing, noting that the court had to take the messages seriously and was taking them seriously. Defendant's counsel objected to the ruling, claiming "they haven't been identified as being [defendant's] voice." The Magistrate Judge overruled the objection and maintained his decision, which as mentioned earlier, the record fully supports.

The defendant is facing a serious violation. It is the second time the same person has complained of domestic violence against him. That they live in different towns and he has a job is to no avail. There was no evidence that he lives in isolation, without access to means of communication. For purposes of bail, the language and threats in the messages are not inconsequential. If released, the defendant would pose a danger to the community, including his

<u>United States</u> v. <u>Alexis Ruiz-Morales</u>
Criminal No. 14-152 (PAD)
Memorandum and Order
Page 6

consensual partner.  He failed to rebut the presumption set in Section 3143(a).  Accordingly, his "Motion Requesting Revocation or Amendment of Detention Order" (Docket No. 63) is DENIED.

A final revocation hearing will be set in due course.

    **SO ORDERED**.

In San Juan, Puerto Rico, this 30th day of April, 2020.

                              <u>s/Pedro A. Delgado-Hernández</u>
                              PEDRO A. DELGADO HERNÁNDEZ
                              United States District Judge